# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

James David McBroom,

       Plaintiff,

v.

Tom Roy, Kent Grandlienard, Minnesota
Correction Facility-Oak Park Heights,
Corizon Health, Inc., Stephen Joseph
Craane, Kevin Monio, and Natalie Leseman,

       Defendants.

**Civil No. 15-2791 (PAM/SER)**

**<u>REPORT AND RECOMMENDATION
AND ORDER</u>**

---

STEVEN E. RAU, United States Magistrate Judge

      The above-captioned case comes before the undersigned on the Partial Motion to Dismiss of Defendants Roy, Minnesota Correctional Facility-Oak Park Heights ("MCF-OPH"), Monio, and Leseman ("Motion to Dismiss") [Doc. No. 22], and Plaintiff James David McBroom's ("McBroom") First and Second Motions to Compel.[1] [Doc. Nos. 48, 50]. This matter was referred pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting in part and denying in part the Motion to Dismiss, and the Court denies the First and Second Motions to Compel.

---

[1]     These titles are shortened by the Court. Their full titles are "Motion Requesting Multiple Orders in Regards to Non-Compliance by the Minnesota Department of Corrections," [Doc. No. 48], which the Court will refer to as the "First Motion to Compel," and "Motion Requesting Additional Court Orders in Relation to the Most Recent Motion Filed by Plaintiff Last Week as Plaintiff Has Now Enclosed Evidence Showing Obstruction of Justice and/or Spoilage of Evidence by Defendants," [Doc. No. 50], which the Court will refer to as the "Second Motion to Compel."

## I.   BACKGROUND

### A.   Factual Background[2]

McBroom initiated this civil rights case pursuant to 42 U.S.C. § 1983 on June 24, 2015, alleging violations of the First, Sixth, Eighth, and Fourteenth Amendments. (Compl.). The Court first describes McBroom's claims related to mail seizure, followed by McBroom's claims related to his medical treatment.

#### 1.   Mail Seizure

McBroom alleges that MCF-OPH and its employees prevented him from sending mail to various media outlets. (*Id.* at 4–5).[3] These claims are against the Minnesota Department of Corrections ("DOC") Commissioner Tom Roy ("Roy"); MCF-OPH Warden Kent Grandlienard ("Grandlienard"); Kevin Monio ("Monio"), an MCF-OPH "lieutenant"; and Natalie Leseman ("Leseman") (collectively, the "DOC Defendants").

McBroom alleges MCF-OPH seized 106 envelopes between June 13, 2013, and April 25, 2014. (Br. at 3–5). The majority were addressed to media outlets. (*Id.* at 5–6). Other recipients included Senator Franken, the ACLU, and Harvey Levin. (*Id.* at 6). As a result of these seizures, McBroom was subject to disciplinary hearings on August 20, 2013, April 9, 2014, and May 6, 2014. (*Id.* at 4–5). At the August 20, 2013 hearing, McBroom was advised that outgoing correspondence with the press could not contain material the DOC considered "[a] nuisance, vulgar, . . . insulting, obscene, disturbing, sexual in nature, threatening in nature, abusive,

---

[2]    The relevant facts are from the Complaint and McBroom's Brief and Appendix ("Brief"), which was filed contemporaneously with his Complaint. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (stating that a court "may consider some materials that are part of the public record . . . as well as materials that are necessarily embraced by the pleadings[]" when reviewing a Rule 12(b)(6) motion (internal quotation marks and citations omitted)); *see also* (Compl.) [Doc. No. 1]; (Br.) [Doc. No. 3].

[3]    The Court cites to the page numbers in the Complaint assigned by CM/ECF.

offensive, profane, or unflattering." (*Id.* at 6) (internal quotation marks omitted). As a result of the disciplinary hearings, McBroom received several sentences, resulting in his placement in solitary confinement for a total of 330 days and an extension of his sentence by a total of 105 days. *See* (*id.* at 4–5, 9); (Compl. at 4–5). McBroom alleges these punishments, which also include "over a year of solitary time suspended for one year," are cruel and unusual in violation of the Eighth Amendment. (Br. at 22).

McBroom makes the following allegations against specific defendants. McBroom alleges that MCF-OPH's seizure of correspondence marked "special mail" violates the First and Fourteenth Amendments, relying on 28 C.F.R. § 540.20; *Jordan v. Pugh*, 504 F. Supp. 2d 1009 (D. Colo. 2007); and *Jordan v. Pugh*, No. 02-cv-01239-MSK-KLM, 2007 WL 2908931 (D. Colo. Oct. 4, 2007). *See, e.g.*, (Br. at 13). Section 540.20 allows prisoners to send mail to news media members by labeling such correspondence "special mail." "Special mail" also applies to several federal and state government officials, including members of the U.S. Congress. 28 C.F.R. § 540.2. McBroom argues that prison officials have no authority to review correspondence labeled as "special mail." *See, e.g.*, (Br. at 23).

McBroom alleges Roy was made aware of confiscation of McBroom's mail to media outlets via a letter from an attorney dated July 13, 2013, and that Roy took no action. (Compl. at 4–5). As a result, McBroom alleges he was punished with solitary confinement and extended incarceration as described above, serious bodily injury, and the continuing violation of his freedom of expression. (*Id.*). McBroom alleges that Grandlienard allowed McBroom's punishment to continue and "acted with intentional deliberate indifference from start to finish on this matter." (*Id.* at 8).

McBroom sues Monio in his individual and official capacities for his prosecution of McBroom related to outgoing mail to media, resulting in punishment of solitary confinement and extended incarceration as described above, threats of additional punishment, and suppression McBroom's freedom of expression. (*Id.* at 10). McBroom further alleges Monio "acted with deliberate indifference, malice, reckless behavior and inflicted cruel and unusual punishment" on McBroom. (*Id.*).

McBroom sues Leseman, a mailroom worker at MCF-OPH, in her individual and official capacities, alleging she seized mail "in violation of federal law" addressed to thirty members of the press, the ACLU, three attorneys, and Senator Al Franken. (*Id.*). McBroom alleges that Leseman acted with "total disregard" to his constitutional rights and continues to act with "deliberate indifference" toward McBroom, suppressing his freedom of expression. (*Id.* at 11). McBroom alleges his mail should not have been seized because it contained "works of byline fiction, with disclaimers stating as such." *See* (*id.*).

McBroom seeks the following relief from the DOC Defendants: (1) monetary damages in the amount of $1,776,600; (2) injunctive relief in the form of a court order that Roy and the DOC return 105 days of good time credits; and (3) injunctive relief in the form of a Court order that Roy and the DOC adhere to 28 C.F.R. § 540.20 regarding "special mail" and add members of the media to the DOC's "special mail" list. (*Id.* at 5); (Br. at 27).

## 2.     Medical Treatment

McBroom alleges Defendant Corizon Health, Inc. ("Corizon") provided medical care to inmates in Minnesota until January 1, 2014; is responsible for the actions of Defendant Dr. Stephen Joseph Craane ("Dr. Craane"); and failed to take "appropriate action against Dr. Craane." (Compl. at 8–9). McBroom alleges Corizon hired Dr. Craane as the primary physician

to provide medical care to inmates and MCF-OPH. (*Id.* at 9). McBroom alleges that Dr. Craane acted intentionally, deliberately, with reckless disregard, malice, and deliberate indifference, and engaged in medical malpractice from 2012 to the present. (*Id.*). McBroom also alleges Dr. Craane spoliated evidence and deliberately induced seizures which irreparably harmed McBroom. (*Id.*); *see also* (Br. at 24–26) (detailing factual allegations regarding Dr. Craane). McBroom seeks damages in the amount of $2 million for claims regarding his medical treatment. (Br. at 27–28).

### B.      Procedural Background

As stated above, McBroom filed this § 1983 case on June 24, 2015. (Compl.). McBroom moved the Court for restoration of his good time credits, which this Court denied. *See* (R&R Dated Nov. 30, 2015) [Doc. No. 29]; (Order Dated Mar. 8, 2016) [Doc. No. 46]. Defendants Roy, MCF-OPH, Monio, and Leseman (collectively, the "Moving Defendants") moved to dismiss certain claims and defendants on November 24, 2015. (Mot. to Dismiss). McBroom moved to compel discovery and for access to the internet on May 4, 2016, and moved to compel additional discovery on May 11, 2016. (First Mot. to Compel); (Second Mot. to Compel). The pending motions are now fully briefed and ripe for consideration.

## II.   MOTION TO DISMISS

Moving Defendants argue the following claims should be dismissed:

(1)      all claims against MCF-OPH;

(2)      all claims against Monio;

(3)      all claims for damages and retroactive relief against Commissioner Roy in his official capacity;

(4)      all claims against Commissioner Roy in his individual capacity;

(5)      all claims against Leseman in her official capacity;

(6)     all claims against Leseman in her individual capacity regarding McBroom's discipline; and

(7)     all claims against Leseman in her individual capacity regarding an alleged interference with legal mail.

(Mem. of Law in Supp. of Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 23 at 2]. The Moving Defendants argue (1) the Eleventh Amendment bars all claims for damages and retroactive relief against Moving Defendants in their official capacities; (2) Neither Monio nor Leseman have the ability to change or implement DOC policy and therefore McBroom does not state a claim against them;[4] (3) McBroom has not alleged the requisite personal involvement of Roy to maintain an individual-capacity claim against him; (4) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars McBroom's claims related to discipline; and (5) McBroom has failed to state a constitutional claim against Leseman based on her alleged interference with his legal mail. (*Id.* at 4–12, 13–15). Moving Defendants construe McBroom's allegations against Monio for his "prosecution" as a state law claim for malicious prosecution. *See* (*id.* at 12–13). Consistent with this interpretation, they argue that if the federal claims against Monio are dismissed, the Court should decline to exercise supplemental jurisdiction over the malicious prosecution claim against Monio, and in the alternative, McBroom has failed to adequately plead a state law claim for malicious prosecution. (*Id.*).

A.     **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. The complaint must contain "sufficient factual matter . . . to 'state a claim to relief

---

[4]     The Moving Defendants concede that "Roy likely has the ability to change or implement DOC policy," and state that Grandlienard, although he has not been served, like Monio and Leseman, is not in a position to change or implement policy. (Mem. in Supp. at 7).

that is plausible on its face.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Pro se pleadings must be construed liberally, but they "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A court accepts the facts alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). Legal conclusions "must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The factual allegations, however, "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Analysis

#### 1.   Eleventh Amendment

##### a.   MCF-OPH

If a state or one of its agencies or departments is a defendant in a lawsuit, the court lacks subject matter jurisdiction pursuant to the Eleventh Amendment, unless the state has consented to the suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This is true regardless of the type of relief the plaintiff seeks. *Id.*

A suit against MCF-OPH is a suit against the state. *See Haggins v. Minn. D.O.C. Comm'r*, Civ. No. 10-4427 (DWF/LIB), 2012 WL 983593, at *7 (D. Minn. Jan. 20, 2012) (Brisbois, Mag. J.), *adopted by* 2012 WL 983694 (Mar. 22, 2012) (Frank, J.). McBroom does not allege that Minnesota waived its Eleventh Amendment immunity or that Minnesota consented to

the suit and therefore, the Court recommends dismissal of all claims against MCF-OPH as barred by the Eleventh Amendment.[5] *See Pennhurst*, 465 U.S. at 100.

### b.     Roy, Monio, and Leseman

"Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent an express statement that a plaintiff sues defendants in their individual capacities, the court must construe a complaint as making claims against defendants in their official capacities only. *See id.* ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the Defendants in their official capacity." (citations omitted)).

McBroom specifies that he is suing Leseman and Monio in both their official and individual capacities. (Compl. at 10). He does not specify whether he is suing Roy in his official or individual capacity, or both. *See* (*id.* at 4–5). Therefore, the Court must construe McBroom's complaint as only raising claims against Roy his official capacity.[6] *See Johnson*, 172 F.3d at 535.

When state officials are sued in their official capacities, the real party in interest is the state. *Beaulieu v. Ludemon*, No. 07-cv-1535 (JMR/JSM), 2008 WL 2498241, at *7 (D. Minn. June 18, 2008) (Mayeron, Mag. J., as adopted by Rosenbaum, C.J.) (citing *Will v. Mich. Dep't of*

---

[5]     McBroom seeks relief from the DOC, although the DOC is not named as a defendant. *See generally* (Compl.); *see also* (Br. at 27 ¶¶ 6–8, 10). Regardless, the Eleventh Amendment likewise bars any claim against the DOC as an entity of the state. *See Haggins*, 2012 WL 983593, at *7.

[6]     Because the Court must construe McBroom's complaint to only raise claims against Roy in his official capacity, the Court need not address Moving Defendants' alternative argument that McBroom has failed to allege Roy's personal involvement in any constitutional violation as required to maintain a claim against Roy in his individual capacity. *Cf.* (Mem. in Supp. at 8–9).

*State Police*, 491 U.S. 58, 71 (1989)). "Under the Eleventh Amendment, federal courts do not have subject matter jurisdiction over a claim against a state for damages that has not consented to the suit." *Id.* Because McBroom does not allege that Minnesota consented to this suit, his claims for damages against Roy, Monio, and Leseman in their official capacities for alleged violations of federal law must be dismissed for lack of subject matter jurisdiction.[7] *See* (Br. at 31–32).

### c.     Conclusion

The Court recommends dismissal of MCF-OPH because all claims against it are claims against the state and the Court therefore lacks subject matter jurisdiction over those claims. *See Pennhurst*, 465 U.S. at 100. Further, to the extent McBroom seeks monetary damages from Roy, Monio, and Leseman for violations of his constitutional rights in their official capacities, the Court recommends dismissal for lack of subject matter jurisdiction as well. *See Beaulieu*, 2008 WL 2498241, at *7.

### 2.     *Heck*

Moving Defendants argue that *Heck v. Humphrey*, 612 U.S. 477 (1994), bars McBroom's claims regarding the alleged unlawful disciplinary procedures and punishments. (Mem. in Supp. at 10–11).

---

[7]     McBroom seeks damages from Leseman and Monio in their individual capacities only. *See* (Br. at 27 ¶ 9). Nonetheless, the Court includes Leseman and Monio in this analysis regarding subject matter jurisdiction because McBroom states that he is suing them in both their individual and official capacities. *See* (Compl. at 10). That is, to the extent McBroom seeks damages from Leseman and Monio in their official capacities, those claims are barred by the Eleventh Amendment. *See Beaulieu*, 2008 WL 2498241, at *7.

The Moving Defendants also argue that claims for prospective injunctive relief against Monio and Leseman must be dismissed because they do not have the power to change or implement DOC policy. (Mem. in Supp. at 7). McBroom does not seek prospective injunctive relief from Leseman and Monio, and therefore, the Court need not address this argument. *See* (Br. at 27 ¶ 9) (stating that McBroom seeks only money damages from Leseman and Monio in their individual capacities).

### a.      Legal Standard

A state prisoner may only challenge the fact or duration of his confinement through a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). An action that "call[s] into question the lawfulness of [a] conviction or confinement" is not cognizable under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 483. In other words,

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486–87 (footnote and citation omitted). This rule became known as the "favorable termination" rule. *See id.* at 492 (Souter, J., concurring). The Supreme Court extended the application of *Heck* to prison disciplinary hearings that affect the fact or duration of the prisoner's confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). "[H]abeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding." *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002) (citing *Preiser*, 411 U.S. at 488–92). A claim for relief that "necessarily impl[ies] the invalidity of the punishment imposed[] is not cognizable under § 1983." *Edwards*, 520 U.S. at 648; *see also Muhammad v. Close*, 540 U.S. 749, 754 (2004) (per curiam).The Supreme Court summarized its jurisprudence with respect to *Heck* and related cases as follows:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—**if** success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

b.        **Analysis**

McBroom seeks injunctive relief in the form of a Court order instructing Roy and MCF-OPH to return 105 days of good time credit. (Compl. at 4–5); (Br. at 27 ¶ 7). This type of relief is barred by *Heck* because "[h]abeas corpus is the exclusive federal remedy for a prisoner who seeks an expedited release from custody." *Crawford v. Corr. Med. Servs.*, Civil No. 08-6190, 2009 WL 3336127, at *9 (D. Minn. Oct. 15, 2009) (Boylan, Mag. J., as adopted by Ericksen, J.) (emphasis omitted); *see also Portley-El*, 288 F.3d at 1066. McBroom does not allege that his punishment pursuant to the disciplinary proceeding has been reversed or otherwise called into question under *Heck*. *See generally* (Compl.); (Br.). Since McBroom filed his Complaint, the Minnesota Court of Appeals has affirmed a state district court's order denying his state petition for a writ of habeas corpus. *McBroom v. Minn. Corr. Facility-Oak Park Heights*, No. A15-1544, 2016 WL 102682 (Minn. Ct. App. Jan. 11, 2016). The Minnesota Supreme Court declined to accept McBroom's untimely petition for review. Order, No. A15-1544 (Minn. Mar. 4, 2016). McBroom has since petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but no ruling has been issued. *See* Pet., *McBroom v. Minn. Corr. Facility-Oak Park Heights*, No. 16cv740 (PAM/SER) [Doc. No. 1]. Thus, at this time, there is no "favorable termination" of his extended sentence.

Similarly, McBroom cannot maintain a claim for damages for the imposition of the punishment of solitary confinement. *See* (Br. at 27 ¶ 3) (seeking compensatory damages "of $200.00/day for every day petitioner spent in solitary confinement over these outgoing mail seizures to the press"). If McBroom successfully pursues his claims—in other words, if the Court determines that the hearing officer's decision was constitutionally invalid because the "special mail" should not have been sized—the Court will have determined the validity of punishment

that affects the duration of McBroom's confinement, regardless of the relief McBroom seeks. Thus, *Heck* bars McBroom's claim for damages. *See Portley-El*, 288 F.3d at 1067 (stating that because [b]ecause Portley-El seeks damages for the **imposition** of discipline that included the loss of good time credits, his damage claim challenges 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' and is *Heck*-barred." (emphasis in original) (quoting *Heck*, 512 U.S. at 486)).

Thus, the Court recommends the Motion to Dismiss be granted to the extent McBroom seeks restoration of 105 days of good time credit and damages for time spent in solitary confinement. The Court recommends, however, that this claim be dismissed without prejudice to permit McBroom to re-allege it if he ultimately obtains a favorable termination of the punishments imposed. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (stating that dismissal of *Heck*-barred claim should be without prejudice so plaintiff can refile if he satisfies *Heck* requirements).

### 3.    Legal Mail Claim Against Leseman

Moving Defendants argue McBroom failed to state a claim that Leseman violated his constitutional rights when she opened mail addressed to attorneys, which McBroom refers to as "legal mail," because McBroom did not allege that he has any pending criminal matters, as the Sixth Amendment requires, and because he has suffered no injury as a result of any interference, as the Fourteenth Amendment requires. *See* (Mem. in Supp. at 13–15).

McBroom alleges that Leseman opened mail addressed to "3 separate attorneys." (Compl. at 10). These attorneys appear to be an attorney at the ACLU, Harvey Levin, and an another unidentified attorney. *See* (Br. at 6, 11, 16). McBroom does not explain the content of

the correspondence, nor does he explain his relationship with the intended attorney recipients. *See* (Compl. at 10); (Br. at 6, 11, 16).

In his response to the Motion to Dismiss, McBroom clarifies that the claim regarding Leseman's interference with "legal mail" is brought under the Sixth Amendment. (Pl.'s Traverse in Regards to Separate Resps. Filed by State of Minn. Att'y General's Office & Att'ys for Corizon, Inc., "Mem. in Opp'n") [Doc. No. 34 at 8]; *cf. Thomsen v. Ross*, 368 F. Supp. 2d 961, 974 (D. Minn. 2005) (Rosenbaum, J.) ("Claims based on the opening of a prisoner's legal mail may be analyzed as violations of either the Sixth Amendment right to counsel, or the Fourteenth Amendment right to court access." (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1947))). Therefore, the Court does not discuss Moving Defendants' argument that McBroom's claim regarding legal mail should be dismissed to the extent it is raised under the Fourteenth Amendment. *See* (Mem. in Supp. at 14–15).

The Sixth Amendment protects only "the attorney-client relationship from intrusion in the criminal setting." *Wolff*, 418 U.S. at 576. "To raise a successful § 1983 claim for the violation of the Sixth Amendment, Plaintiffs must demonstrate that there was an intrusion into the attorney-client communication and that there was some prejudice to them." *Andersen v. County of Becker*, Civil No. 08-5687 (ADM/RLE), 2009 WL 3164769, at *12 (D. Minn. Sept. 28, 2009) (Montgomery, J.) (citing *Weatherford v. Brusey*, 429 U.S. 545, 558 (1977)).

Here, McBroom makes no allegation that the interference with his legal mail intruded on an attorney-client relationship or hindered his ability to pursue a legal claim. *See* (Compl. at 10); (Br. at 6, 11, 16). To the contrary, the mail sent to attorneys appears to consist of his self-described "works of fiction," not legal correspondence. *See* (*id.*). Therefore, the Court

recommends that McBroom's claim against Leseman in her individual capacity for interference with legal mail be dismissed for failure to state a claim.

### 4.    Malicious Prosecution Claim against Monio

Moving Defendants argue that because Monio should be dismissed from this action in his official and individual capacities, the Court should decline to exercise supplemental jurisdiction over McBroom's state law claim against Monio for malicious prosecution. (Mem. in Supp. at 12). They further argue that even if the Court does exercise its supplemental jurisdiction, McBroom has failed to state a claim against Monio for malicious prosecution.

As stated above, the Court recommends dismissal of any damages claims against Monio in his official capacity, although none are specifically pleaded. *See* (Compl. at 10); *Beaulieu*, 2008 WL 2498241, at *7. Further, because there is no claim for injunctive relief against Monio, there are effectively no longer any claims against Monio in his official capacity. *Cf.* (Br. at 27 ¶ 9).

To the extent McBroom makes a claim against Monio in his individual capacity due to Monio's prosecution of McBroom, the Court does not, as Moving Defendants argue, find that McBroom intends to allege a state law claim. *Cf.* (Mem. in Supp. at 12–13).

> The Constitution does not mention malicious prosecution . . . . In fact, this and other circuits are uniform in holding that malicious prosecution by itself is not punishable under section 1983 because it does not allege a constitutional injury. Therefore, malicious prosecution can form the basis for a section 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal law.

*Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990) (citations omitted)). McBroom alleges that Monio engaged in malicious prosecution in the context of McBroom's allegation that Monio violated McBroom's constitutional rights. *See* (Compl. at 10) (alleging that Monio "was responsible for prosecuting [McBroom], resulting in 330 days of solitary confinement, 105 days

of extended incarceration, and continued threats of additional punishment, by further suppressing [McBroom's] freedom of expression"); (Br. at 22) (referring to the Eighth Amendment under the heading "Malicious Prosecution and Blatant Deliberate Indifference," although not referring to Monio specifically); (Mem. in Opp'n at 8) ("Kevin Monio, repeatedly violated Petitioner's 1st, 6th, 8th, and 14th U.S.C.A. rights during 4 separate audio-recorded hearings, being further briefed each time by Plaintiff of all of the federal laws and U.S.C.A. violations he was committing." (emphasis omitted)). These allegations appear to be a malicious prosecution claim under § 1983—rather than an allegation of a state law malicious prosecution claim—because McBroom alleges that Monio's conduct "also infringed upon some constitutional protection." *See Jenkins v. County of Hennepin*, Civ. No. 06-3625 (RHK/AJB), 2007 WL 2287840, at *3 (D. Minn. Aug. 3, 2007) (Kyle, J.); *see also Gunderson*, 904 F.2d at 409. Moving Defendants do not move for dismissal of the malicious prosecution claim under § 1983, however, and the Court therefore declines to discuss whether McBroom adequately stated such a claim.

Thus, to the extent Moving Defendants seek dismissal of malicious prosecution claims against Monio, the Court recommends the Motion to Dismiss be denied.

### 5.    Grandlienard

A court must dismiss an action against a defendant who has not been served within 120 days after the plaintiff filed the complaint, unless the plaintiff "shows good cause for the failure." Fed. R. Civ. P. 4(m).[8] The summons for Grandlienard was returned unexecuted, and nothing on the docket reflects further attempts to serve Grandlienard, who has not noticed an appearance. *See* (Summons Returned Unexecuted) [Doc. No. 28]; *see also* (Mem. in Supp. at 1 n.2). Thus, far

---

[8]    The Federal Rules of Civil Procedure were amended effective December 1, 2015, which changed the time to serve a complaint from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Because McBroom's Complaint was filed before the Rules were amended, the Court applies the 120-day requirement.

more than 120 days have passed since McBroom filed his Complaint and Grandlienard has not been served.

Nonetheless, the Court will not recommend dismissal of Grandlienard at this time. Rule 4(m) requires notice to the plaintiff that failure to perfect service within the requisite time period will result in dismissal. This Report and Recommendation provides the requisite notice.

### 6.    Conclusion

For the foregoing reasons, the Court recommends that the Motion to Dismiss be granted in part and that the following claims be dismissed without prejudice for failure to state a claim upon which relief can be granted: (1) all claims against MCF-OPH; (2) claims that seek damages as the result of Roy, Monio, and Leseman's actions in their official capacities that allegedly violated McBroom's constitutional rights; (3) claims that seek the restoration of 105 days of good time credit and damages for time spent in solitary confinement; and (4) claims against Leseman in her individual capacity for interference with legal mail. The Court recommends that the Motion to Dismiss be denied in all other respects.

## III.   MOTIONS TO COMPEL

McBroom also filed two discovery motions related to his medical treatment. In the First Motion to Compel, McBroom seeks videos of two separate seizures he suffered while being observed at MCF-OPH on November 20, 2012, and November 28, 2012, and the restoration of his "internet rights" to conduct legal research. McBroom notes that he has already received one video from the Attorney General's office, but does not specify the date of the video he received or any other identifying information. *See* (First Mot. to Compel at 5). In the Second Motion to Compel, McBroom seeks the following: (1) video from a seizure on June 17, 2012; (2) "[a]s

previously requested," videos of his seizures on November 20, 2012, and November 28, 2012; and (3) "observation room footage from MCF-Stillwater." (Second Mot. to Compel).

First, McBroom has since withdrawn his request for "internet rights," and therefore, that request no longer needs to be addressed. (Letter to Mag. J. Dated June 1, 2016) [Doc. No. 61]. Second, Roy has now provided McBroom with the requested videos.[9] *See* (Mem. of Law in Opp'n to Pl.'s Mots. to Compel & For Injunctive Relief of Defs. Comm'r Roy, MCF-OPH, Monio, and Leseman) [Doc. No. 57 at 7–8]. On March 29, 2016, Roy produced, *inter alia*, the video from MCF-Stillwater on June 17, 2012. (Roy's RFP Resp. at 5). On May 27, 2016, Roy provided an amended RFP response that included video recordings dated November 20, 2012, and November 28, 2012, from MCF-OPH. (Roy's Am. Resps. to Pl.'s First RFPs at 6, Ex. 4, Attached to Bell Aff.). Therefore, to the extent McBroom seeks an order compelling the production of videos dated June 17, 2012, November 20, 2012, and November 28, 2012, his request is moot and the Court denies the First and Second Motions to Compel.

Finally, McBroom seeks "observation room footage from MCF-Stillwater." (Second Mot. to Compel). Specifically, McBroom's RFPs request videos of "any and all seizures that took place" while McBroom was at MCF-Stillwater. (Roy's RFP Resp. at 5). Arguably, he has failed to "describe with reasonable particularity" this broad category of documents. *See* Fed. R. Civ. P. 34(b)(1)(A). Regardless, Roy responded that he has produced all available videos, and that

---

[9]     The record reflects that either McBroom served his Request for Production of Documents ("RFPs") on Roy only, as opposed to other DOC Defendants, or that only Roy responded. *See, e.g.*, (Roy's Resps. to Pl.'s Request for Produc. of Docs., "Roy's RFP Resp.," Ex. 1, Attached to Aff. of Rachel Bell, "Bell Aff.") [Doc. No. 58]. Although the record is not clear with respect to whether McBroom served his RFPs on Corizon and Dr. Craane (collectively, the "Medical Defendants"), the Medical Defendants responded to the Second Motion to Compel, stating that they do not have responsive documents. *See* (Resp. of Medical Defs. to Pl.'s Mot. Requesting Additional Ct. Orders) [Doc. No. 54].

"[u]nless specifically sequestered and saved elsewhere, video and surveillance footage is retained only for thirty days." (Roy's RFP Resp. at 5).

Although McBroom makes spoliation arguments, those arguments are directed to the specific videos that have already been produced.[10] *See* (First Mot. to Compel); (Second Mot. to Compel). Thus, there is nothing in the record that demonstrates that McBroom requested that a DOC employee preserve videos that have not yet been produced. The Court can only order a responding party to produce documents in its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). To the extent McBroom seeks videos that have not already been produced, those videos have been destroyed pursuant to the DOC's policies and nothing the record demonstrates that sanctions are warranted. *See* (Roy's RFP Resp. at 5). Therefore, to the extent McBroom seeks "observation room footage from MCF-Stillwater," the Second Motion to Compel is denied.

## IV.    CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion Requesting Multiple Orders in Regards to Non-Compliance by the Minnesota Department of Corrections [Doc. No. 48] and Motion Requesting Additional Court Orders in Relation to the Most Recent Motion Filed by Plaintiff Last Week as Plaintiff Has Now Enclosed Evidence Showing Obstruction of Justice and/or Spoilage of Evidence by Defendants [Doc. No. 50] are **DENIED**.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Partial Motion to Dismiss of Defendants Roy, Minnesota

---

[10]    A court may order sanctions for spoliation "when a party (1) destroys (2) discoverable material (3) which the party knew or should have known (4) was relevant to pending, imminent, or reasonably foreseeable litigation." *Lexis–Nexis v. Beer*, 41 F. Supp. 2d 950, 954 (D. Minn. 1999) (Doty, J.) (internal quotation marks omitted). In addition, a court must find that the moving party was prejudiced before a sanction can be imposed for spoliation. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004).

Correctional Facility-Oak Park Heights, Monio, and Leseman [Doc. No. 22] be **GRANTED in part** and **DENIED in part** as follows:

1.      The Court recommends the Motion to Dismiss be **GRANTED in part** and the following claims be dismissed without prejudice for failure to state a claim upon which relief can be granted:

    a.      All claims against MCF-OPH;

    b.      Claims that seek damages as the result of Roy, Monio, and Leseman's actions in their official capacities that allegedly violated McBroom's constitutional rights;

    c.      Claims that seek the restoration of 105 days of good time credit and damages for time spent in solitary confinement; and

    d.      Claims against Leseman in her individual capacity for interference with legal mail; and

2.      The Court recommends the Motion to Dismiss be **DENIED** in all other respects.

Dated: July 11, 2016

                                    _s/Steven E. Rau_____
                                    STEVEN E. RAU
                                    United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.