UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James David McBroom, | Case No. 15-cv-2791 (PAM/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tom Roy, Kent Grandlienard, Minnesota Correction Facility-Oak Park Heights, Corizon Health, Inc., Stephen Joseph Craane, Kevin Monio, and Natalie Leseman, | |
| Defendants. | |

_____

This matter is before the Court on Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R") dated July 11, 2016. In the R&R, Magistrate Judge Rau recommended that the Court grant in part and deny in part Defendants Tom Roy, Minnesota Correctional Facility-Oak Park Heights ("MCF-OPH"), Kevin Monio, and Natalie Leseman's (collectively, the "Moving Defendants") Motion to Dismiss. Moving Defendants filed an objection to the R&R. McBroom did not. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R in part and declines to adopt the R&R in part.

Magistrate Judge Rau recommended that the motion to dismiss be granted in part and the following claims be dismissed without prejudice: (1) all claims against MCF-OPH; (2) claims that seek damages as the result of Roy, Monio, and Leseman's actions in

their official capacities that allegedly violated McBroom's constitutional rights; (3) claims that seek the restoration of 105 days of good time credit and damages for time spent in solitary confinement; and (4) claims against Leseman in her individual capacity for interference with legal mail.  Magistrate Judge Rau recommended the motion to dismiss be denied as to McBroom's malicious-prosecution claim against Monio.[1]

Moving Defendants object only to the R&R's recommended denial of their request to dismiss the malicious-prosecution claim against Monio.  In support of their Motion to Dismiss, Moving Defendants argued that because McBroom's federal claims against Monio fail, the Court should decline to exercise supplemental jurisdiction over what the Moving Defendants believed was a state-law, malicious-prosecution claim against Monio.  (Defts.' Supp. Mem. (Docket No. 23) at 12-13.)  Moving Defendants further argued that even if the Court exercised its supplemental jurisdiction over this claim, McBroom has failed to state a claim against Monio for malicious prosecution.  (Id.)

The R&R correctly determined that McBroom does not allege a state-law, malicious-prosecution claim, but instead alleges a federal malicious-prosecution claim under 42 U.S.C. § 1983, because McBroom alleges that Monio violated his constitutional rights.  See Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990); see also (Compl. (Docket No. 1) at 10) (alleging that Monio's malicious prosecution violated the First and Fourteenth Amendments).  Because Moving Defendants did not argue that McBroom

---

[1] Two other claims were not part of the motion to dismiss: (1) McBroom's First Amendment claim against Leseman in her individual capacity regarding outgoing mail seizures; and (2) the request for injunctive relief against Roy in his official capacity related to the Department of Correction's mail policy.

failed to state a claim for malicious prosecution under federal law, Magistrate Judge Rau recommended denying Moving Defendants' Motion as to that claim.

In their objections to the R&R, Moving Defendants now argue that McBroom's malicious-prosecution claim under § 1983 is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and should be dismissed. (Defts.' Obj. (Docket No. 64) at 3.) They are correct.

In Heck, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. This holding is commonly referred to as the "favorable termination" rule. See id. at 499 n.4 (Souter, J., concurring). The Supreme Court has since extended the favorable-termination rule to prison disciplinary hearings that increase the duration of a prisoner's confinement. See Edwards v. Balisok, 520 U.S. 641, 646 (1997). This ensures that "state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).

McBroom cannot satisfy the favorable-termination rule. No federal or state court has invalidated the decision to discipline him and extend his incarceration. In fact, the Court has not yet ruled on McBroom's current habeas corpus petition challenging the conduct underlying his malicious-prosecution claim. See Pet., McBroom v. Minn. Corr. Facility-Oak Park Heights, No. 16cv740 (PAM/SER) (Docket No. 1). Therefore, Heck

3

bars McBroom's malicious-prosecution claim under § 1983.  But—as Magistrate Judge Rau recommended for McBroom's other claims barred by Heck—the malicious-prosecution claim against Monio will be dismissed without prejudice to allow McBroom to re-allege it if he ultimately obtains a favorable termination in his pending habeas petition.  See Schafer v. Moore, 46 F.3d 43, 44 (8th Cir. 1995) (per curiam) (modifying the district court's dismissal to be without prejudice so plaintiff could refile if he satisfied the favorable-termination rule).

Finally, the R&R provided McBroom with notice that failure to serve Defendant Grandlienard within the requisite time period would result in the Court dismissing any claims against him without prejudice.  See Fed. R. Civ. P. 4(m).  Based on this notice and because McBroom failed to serve Grandlienard within the requisite time period, or even since the R&R, all claims against Grandlienard are dismissed without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 63) is **ADOPTED in part**;
2. Roy, MCF-OPH, Monio, and Leseman's Motion to Dismiss (Docket No. 22) is **GRANTED**;
3. The following claims are **DISMISSED without prejudice**:
    a. all claims against MCF-OPH;
    b. claims that seek damages as the result of Roy, Monio, and Leseman's actions in their official capacities that allegedly violated McBroom's constitutional rights;

    c.    claims that seek the restoration of 105 days of good time credit and damages for time spent in solitary confinement;

    d.    claims against Leseman in her individual capacity for interference with legal mail;

    e.    claims against Monio for malicious prosecution; and

    f.    all claims against Grandlienard.


Dated:  <u>September 8, 2016</u>

                                      <u>*s/ Paul A. Magnuson*</u>
                                      Paul A. Magnuson
                                      United States District Court Judge