UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James David McBroom,                                      Case No. 15-cv-2791 (PAM/SER)

                    Plaintiff,

v.                                                                          **MEMORANDUM AND ORDER**

Tom Roy, Commissioner Minnesota
Department of Corrections, Kent
Grandlienard, Minnesota Correction
Facility – Oak Park Heights, Corizon
Health, Inc., Stephen Joseph Craane,
Kevin Monio, and Natalie Leseman,

                    Defendants.
_____

        This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

        In 2008, a Minnesota jury convicted Plaintiff James David McBroom of third-degree criminal sexual assault and the trial court committed McBroom to the Minnesota Department of Corrections ("DOC") for 140 months. From September 2012 to January 2016, McBroom was incarcerated at the Minnesota Correctional Facility at Oak Park Heights ("MCF-OPH"). McBroom was released from prison in March 2016.

        During his incarceration at MCF-OPH, McBroom repeatedly attempted to mail abusive, sexual, threatening, violent, and disturbing poems about McBroom's victim and MCF-OPH mailroom staffer, Defendant Natalie Leseman, to various media outlets. (See e.g., Wherley Aff. (Docket No. 72) Exs. 6, 14, 18, 23.) MCF-OPH staff confiscated these

poems before they could be mailed pursuant to the DOC's mail policy prohibiting inmates from sending mail that risks specific individual's safety, contains contraband, or contains threats of physical harm or other criminal activity. MCF-OPH staff charged McBroom with several disciplinary rules violations, found he violated those rules, and imposed a total of 105 days of extended incarceration, as well as time in disciplinary segregation. (E.g., id. Exs. 5, 13, 15, 21, 22.)

On January 23, 2015, McBroom filed a petition for a writ of habeas corpus in Minnesota state court arguing that the DOC's decision to impose 105 days of extended incarceration violated his First Amendment rights. The state district court denied McBroom relief and the Minnesota Court of Appeals affirmed, holding that state prison regulations allowing officials to inspect mail addressed to the media for security reasons do not violate First Amendment rights. McBroom v. Minnesota Corr. Facility - Oak Park Heights, No. A15-1544, 2016 WL 102682, at *4 (Minn. Ct. App. Jan. 11, 2016).

On June 24, 2015, McBroom filed this wide-ranging lawsuit under 42 U.S.C. § 1983 against DOC commissioner Tom Roy, MCF-OPH, former MCF-OPH warden Kent Grandlienard, MCF-OPH disciplinary lieutenant Kevin Monio, MCF-OPH mailroom staffer Natalie Leseman, Corizon Health, Inc., and Dr. Stephen Craane, alleging, among other things, that the seizure of his poems pursuant to the DOC's mail policy violates his First Amendment rights. (Docket Nos. 1, 3.) Defendants Roy, MCF-OPH, Monio, and Leseman brought a partial motion to dismiss, which the Court granted, dismissing all of McBroom's claims except his First Amendment claim against Roy and

Leseman regarding the seizure of his poems pursuant to the DOC's mail policy. (Docket No. 66.) McBroom, Corizon, and Dr. Craane later filed a stipulation dismissing Corizon and Dr. Craane from the lawsuit. (Docket Nos. 124, 127.) Thus, McBroom's First Amendment claim against Roy and Leseman is the only claim that remains.

While this lawsuit was ongoing, McBroom also filed a petition for a writ of habeas corpus with this Court, once again raising his argument that the DOC's decision to impose 105 days of extended incarceration violated his First Amendment rights. Magistrate Judge Steven E. Rau issued a thorough and well-reasoned Report and Recommendation ("R&R"), concluding that the Minnesota Court of Appeals did not err when it determined that state prison regulations allowing officials to inspect mail addressed to the media for security reasons do not violate First Amendment rights. McBroom v. Minnesota Corr. Facility-Oak Park Heights, No. 16cv740, 2017 WL 1957564 (D. Minn. Mar. 1, 2017). The Court addressed McBroom's objections and adopted the R&R. McBroom v. Minnesota Corr. Facility-Oak Park Heights, No. 16cv740, 2017 WL 1956864 (D. Minn. May 10, 2017) (Magnuson, J.).

Leseman and Roy now seek summary judgment.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna

Bank, 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The Minnesota Court of Appeals, Magistrate Judge Rau, and this Court have already heard, addressed, and rejected McBroom's argument that Roy and Leseman violated his First Amendment rights by implementing the DOC's mail policy and seizing McBroom's disturbing poems.  The Court will not again repeat in detail the reasons why McBroom's claims fail as a matter of law.  In short, state prison regulations allowing officials to inspect mail addressed to the media for security reasons do not violate First Amendment rights.  Smith v. Delo, 995 F.2d 827 (8th Cir. 1993).  And McBroom's poems clearly violated the DOC's mail policy regardless of McBroom labeling them "fiction."  McBroom's claims therefore fail.

**CONCLUSION**

Roy and Leseman did not violate McBroom's First Amendment rights. Accordingly, **IT IS HEREBY ORDERED** that Roy and Leseman's Motion for Summary Judgment (Docket No. 69) is **GRANTED** and McBroom's remaining claims are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>July 24, 2017</u>             *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge